IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-0603-01 |
| | § | |
| MARTIN LOPEZ-LOPEZ | § | (Civil Action No. H-09-1214) |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by the defendant, Martin Lopez-Lopez ("Lopez"), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 38). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-09-1214) for reasons set forth below.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 3, 2008, a federal grand jury in this district returned an indictment against Lopez, accusing him of illegal reentry into the United States following his deportation or removal based upon a conviction for an aggravated felony. On October 7, 2008, Lopez pleaded guilty to the charges against him. To aid in determining his punishment, the Court instructed the Probation Office to prepare a presentence report ("PSR") under the advisory United States Sentencing Guidelines.

According to the PSR, Lopez's base offense level score was 8 under the relevant

Guideline provision for illegal reentry into the United States after deportation. The offense level was increased by 16 levels to 24 based on Lopez's prior federal court conviction for a drug trafficking offense, namely, possession with intent to distribute heroin. *See United States v. Lopez*, Criminal No. H-01-0103-02 (S.D. Tex.). The total was reduced by 3 levels to 21 for Lopez's acceptance of responsibility. Lopez's criminal record placed him in Criminal History Category III. As a result, Lopez faced a potential sentence of 47-57 months in prison.

After hearing from the defendant and his counsel, Federal Public Defender Marjorie Meyers, the Court departed well below the recommended Guidelines range. In a judgment entered on January 5, 2009, the Court sentenced Lopez below the applicable Guideline range to serve 36 months of imprisonment. (Doc. # 23). The Court indicated that this sentence would run concurrently with the 10-month sentence that Lopez received as the result of the revocation of his supervised release in Criminal No. H-01-0103-02. (*Id.*). Lopez did not pursue a direct appeal.

Lopez now seeks relief under 28 U.S.C. § 2255 on the grounds that his sentence was unduly harsh. Conceding that he re-entered the United States following his deportation in violation of the law, Lopez explains that the only reason he returned was to "see his children" and to "support them." Lopez fails to show that he is entitled to relief under the governing standard of review.

## II.     STANDARD OF REVIEW

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).

Lopez proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). However, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

The Court notes that Lopez did not pursue a direct appeal and, therefore, it appears that his claims are procedurally barred as a result. Alternatively, even if not barred, his claims do not merit relief under 28 U.S.C. § 2255.

In this instance, Lopez complains that his sentence of 36-months' imprisonment was "unduly harsh and punitive." To the extent that Lopez contends that his sentence was calculated incorrectly under the Sentencing Guidelines, his claim is not cognizable under 28 U.S.C. § 2255. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531

U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

More importantly, his claim is without merit. The record reflects that Lopez had ample opportunity to express his concerns about his children at the sentencing hearing. The Court noted that Lopez returned to the United States illegally less than one year after his deportation and that he was still on supervised release from his previous conviction in federal court when he committed the new offense. After hearing from Lopez and his counsel, however, the Court agreed that the recommended Guidelines range of 47-57 months was too harsh. (Doc. # 36, *Sentencing Hearing*, at 9). The Court varied well below the recommended range after determining that a sentence of 36 months would adequately sanction the conduct of illegal reentry. (*Id.*). Under these circumstances, Lopez does not demonstrate that his sentence was unduly severe and he does not otherwise establish a constitutional violation. Accordingly, Lopez fails to demonstrate that he is entitled to relief under 28 U.S. § 2255 and his motion must be denied.

**IV.    CERTIFICATE OF APPEALABILITY**

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability ("COA") is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a

certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or

whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V. CONCLUSION

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court **ORDERS** as follows:

1. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 38) is **DENIED** and the corresponding civil action (H-09-1214) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-09-1214).

SIGNED at Houston, Texas, on May 13th, 2009.

_____
Nancy F. Atlas
United States District Judge